IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARYLYNN HARTSEL and DEANNA PARKER, derivatively on behalf of Nominal Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>THE VANGUARD GROUP, INC., JOHN L. BRENNAN, CHARLES E. ELLIS, RAJIV L. GUPTA, AMY GUTMANN, JOANN HEFFERNAN HEISEN, ANDRE F. PEROLD, ALFRED M. RANKIN, JR., and J. LAWRENCE WILSON; ACADIAN ASSET MANAGEMENT, LLC, and MARATHON ASSET MANAGEMENT, LLP,<br><br>Defendants,<br><br>and<br><br>VANGUARD INTERNATIONAL EQUITY INDEX FUNDS, d/b/a VANGUARD EUROPEAN STOCK INDEX FUND, and VANGUARD HORIZON FUNDS, d/b/a VANGUARD GLOBAL EQUITY FUND,<br><br>Nominal Defendants. | C.A. No. 1:13-cv-01128-SLR |

**STATUS REPORT**

Pursuant to this Court's March 14, 2014 order, Plaintiffs Marylynn Hartsel and Deanna Parker, derivatively on behalf of nominal defendants ("Plaintiffs"), submit this status report.

**Nature of Action**

1. Plaintiffs commenced this action on June 24, 2013 (Doc. #1) and filed a Verified First Amended Complaint (the "Amended Complaint") on April 8, 2014 (Doc. # 8).

2. The Amended Complaint (Doc. #8) alleges that the defendants ("Defendants"), who managed two Vanguard mutual funds (the "Funds"), lost investors' money by purchasing ownership stakes in four illegal off-shore Internet gambling businesses whose primary activities were to run illegal gambling in the United States. Plaintiffs are shareholders in the Funds and assert claims for negligence, breach of fiduciary duty, waste, and breach of contract to recover the Funds' losses in the wake of a law enforcement crackdown that shut down the entities' illegal gambling operations in the United States.

**Procedural History and Prior Actions**

3. Plaintiffs initially filed this action, including claims under civil RICO, 18 U.S.C. § 1964, in the Southern District of New York.[1] Plaintiff's civil RICO claims were dismissed for lack of RICO causation, which the Second Circuit held is more demanding than common-law proximate causation.[2] Following the dismissal of their only federal claims, Plaintiffs re-filed this action in the Delaware Court of Chancery without the RICO claims.[3]

4. The Court of Chancery dismissed Plaintiff's claims on procedural grounds. Although the court did not reach the merits, the Court of Chancery held that (a) Plaintiffs were required to proceed derivatively, not individually; and (b) Plaintiffs were required to make a demand on the Boards of the Funds prior to pursuing their claims derivatively.[4]

---

[1] *McBrearty v. The Vanguard Group, Inc.*, No. 08-Civ.-7650 (DLC) (S.D.N.Y.).

[2] *McBrearty v. The Vanguard Group, Inc.*, 353 Fed. Appx. 640, 642 & n.1 (2d Cir. 2009).

[3] *Hartsel v. The Vanguard Group, Inc.*, C.A. No. 5394-VCP, (Del. Ch.).

[4] *Hartsel v. The Vanguard Group, Inc.*, C.A. No. 5394-VCP, 2011 WL 2421003, at *28 (Del. Ch. June 5, 2011), *aff'd*, 38 A.3d 1254 (Del. Jan. 19, 2012).

5. All appeals of the Court of Chancery's decision were exhausted on June 25, 2012. In accordance with the Court of Chancery's decision, Plaintiffs made a demand on July 25, 2012 that the Boards of Trustees (the "Boards") of the Funds take action to recover investors' losses. (Doc. #8, at ¶ 144)

6. The one-year period to re-file this action under the Delaware Savings Statute, 10 Del. C. § 8118(a), was due to expire on June 25, 2013. After previously informing counsel of the statute of limitations issues, Plaintiffs filed this action on the last day before the expiration of the one-year period under the Delaware Savings Statute. At that time, the Boards of the Funds had not responded to Plaintiffs' demand.

7. Plaintiffs filed in this federal court despite the lack of any separate federal claims because a federal court held that claims similar to those alleged in the Amended Complaint present substantial federal questions and that federal subject matter jurisdiction therefore exists in a case such as this.[5]

8. Approximately one month after Plaintiffs' filed this action, a Special Litigation Committee ("SLC") appointed by the Funds' Boards finally recommended that the Boards of the Funds reject Plaintiff's demand. Sometime after July 17, 2013, the Funds' Boards formally rejected Plaintiffs' demand. (Doc. # 6, at p. 2; Doc. #8, ¶ 144(h)) The Boards' decision purportedly was based on a report from the SLC (the "SLC Report").

9. After the Funds' Boards purported to reject Plaintiffs' demand, the parties began to negotiate the terms by which Plaintiffs could be provided access to the SLC Report.

---

[5] *Gamoran v. Neuberger Berman Mgmt. LLC*, No. 10 Civ. 6234 (LBS), 2011 WL 476620 (S.D.N.Y. Feb. 8, 2011) (declining to remand case to state court).

**The First Amended Complaint**

10. On October 3, 2013, the parties entered into a Stipulation to extend Defendants' time to answer or otherwise move against the Complaint until thirty (30) days after the filing of an amended Complaint to allow Plaintiffs an opportunity possibly to obtain the SLC Report and file an amended complaint, as necessary. (Doc. #6) The Court so-ordered the parties' Stipulation on October 7, 2013.

11. Defendants have refused to provide Plaintiffs with a copy of the SLC Report, even though Plaintiffs have agreed to be bound by a protective order to be entered by the Court.

12. On April 8, 2014, Plaintiffs filed the Amended Complaint to update the original complaint to reflect events that occurred since the filing of the original complaint, including the Board's subsequent attempt to refuse Plaintiff's demand. (Doc. #8)

**Defendants' Time to Respond to the Amended Complaint**

13. Defendants' time to answer or otherwise move against the Amended Complaint currently expires on May 8, 2014.

Dated: April 17, 2014

BIFFERATO LLC

OF COUNSEL:

Thomas I. Sheridan, III
Nicomedes S. Herrera
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, New York 10016-7416
(212) 784-6400

/s/ Thomas F. Driscoll III
Ian Connor Bifferato (#3273)
Thomas F. Driscoll, III (#4703)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 225-7600
cbifferato@bifferato.com
tdriscoll@bifferato.com

*Attorneys for Plaintiffs*